<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERDAR TATAR,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Civil Action No. 13-3317 (RBK)<br><br><br>OPINION |

**APPEARANCES**:

    SERDAR TATAR, #61287-066
    FCI Gilmer
    P.O. Box 6000
    Glenville, West Virginia   26351
    Petitioner <u>Pro</u> <u>Se</u>

    ROBERT STEPHEN STIGALL
    UNITED STATES ATTORNEY FOR DISTRICT OF NEW JERSEY
    P.O. Box 2098
    Camden, New Jersey 08101

**<u>KUGLER, District Judge</u>**:

Serdar Tatar, a federal prisoner who was convicted in this Court of conspiring to murder United States military personnel, *see United States v. Tatar*, Crim. No. 07-0459-RBK-5 judgment (D.N.J. Apr. 29, 2009), *aff'd, United States v. Duka*, 671 F.3d 329 (3d Cir. 2011), *cert. denied, Tatar v. United States*, 132 S.Ct. 2763 (June 11, 2012) (No. 11-1295), filed a "Motion for Extension of Time to File a Petition Pursuant to 28 USC § 2255 in Seeking to Vacate, Set-Aside or Correct Sentence." (Motion, ECF No. 1 at 2.)   For the reasons expressed below, this Court will give Tatar an opportunity to elect to have this Court:   (A) entertain his motion to extend the statute of limitations as labeled, or (B) recharacterize the motion as a motion to vacate the April 29, 2009,

judgment, pursuant to 28 U.S.C. § 2255, and entertain this timely § 2255 motion which raises five grounds as his one all-inclusive § 2255 motion, or (C) withdraw the pending motion and file a timely motion, pursuant to 28 U.S.C. § 2255, - to vacate the April 29, 2009, sentence, which motion includes all available federal claims.   This Court will explain these three options and give Tatar 20 days to notify the Clerk in writing which option he elects.   If Tatar does not notify this Court in writing within 20 days, then this Court will entertain his motion as labeled, *i.e.*, grant or deny the motion to extend the time to file a timely § 2255 motion.

## I.   BACKGROUND

After a two-and-a-half month jury trial concerning a plot to attack the United States Army Base at Fort Dix and other military bases, a jury convicted Tatar and his co-defendants of conspiring to murder United States military personnel in violation of 18 U.S.C. §§ 1114 and 1117. On April 29, 2009, this Court sentenced Tatar to 396 months in prison and supervised release for life.   Tatar appealed, and on December 28, 2011, the Third Circuit affirmed his conviction and sentence.   *See United States v. Duka*, 671 F.3d 329 (3d Cir. 2011).   The Supreme Court denied certiorari on June 11, 2012.   *See Tatar v. United States*, 132 S.Ct. 2763 (2012) (No. 11-1295).

Tatar handed the present motion for an extension of time to file a § 2255 motion to prison officials for mailing to the Clerk on May 22, 2013.   (Motion, ECF No. 1 at 6.)   The Clerk received it on May 28, 2013.   In the motion, Tatar asks this Court to extend the time to file his § 2255 motion from June 11, 2013, until July 26, 2013.   To support his motion, Tatar asserts:

> In the instant matter Movant seek[s] this Hon. Court to consider and thereby grant his motion/request for extension of time to file Sect. 2255 motion where because petition for Writ of Certior[a]ri – from the Supreme Court to the Third Circuit Court of Appeals – was denied on June 11, 2012, causing that "due date" or limitations period proscribed under the Antiterrorism And Effective Death Penalty Act of 1996 (AEDPA, see also 28 USC § 2255(f)), requir[ing] motion to be filed no later than June 11th, 2013, one year from the date Cert. was denied.   See SERDAR

> TATAR V. UNITED STATES, 132 S.Ct. 2763; 183 L.Ed.2d 616; 2012 U.S. LEXIS 4505.
>
> And, given the extraordinary nature of pro se Movant's case, including the fact that conviction has come by way of jury trial, the case is inherently loaded with a great number of complexities; factual, legal, and the effort to organize and obtain pertinent discovery or affidavit[s] germane to underlying issues.

(Motion, ECF No. 1 at 3-4.)

Tatar further states that he intends to raise the following five grounds in his § 2255 motion: (1) trial counsel was constitutionally ineffective in failing to object to jury charge or move for a mistrial where the instructions effectively reduced the government's burden of proof; (2) trial counsel was constitutionally ineffective in failing to seek a dismissal of Count One of the indictment or to compel the government to choose between the allegation of a conspiracy to murder or the attempt to murder; (3) trial counsel was constitutionally ineffective in failing to object to the constructive amendment of the indictment; (4) trial counsel was constitutionally ineffective in failing to allow Tatar to testify, or in obstructing his right to provide evidence in his defense; and (5) appellate counsel was constitutionally ineffective in failing to raise certain issues on direct appeal.  (Motion, ECF No. 1 at 4-5.)  Tatar also requests additional time beyond June 11, 2013, to add more grounds.

## II.  DISCUSSION

In *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the Third Circuit instructed district courts on the procedure that must be followed when a federal inmate submits a post-judgment application seeking to challenge a federal conviction or sentence:

> [W]e prescribe that upon receipt of a pro se pleading challenging an inmate's conviction or incarceration – whether styled as a § 2255 motion or not – district courts should issue a . . . notice to the petitioner regarding the effect of such a pleading in light of AEDPA.  This communication should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as

>a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals; or (3) withdraw his motion and file one all-inclusive § 2255 petition within the one-year statutory period prescribed by AEDPA in § 2255.

*Id.* at 646.

A.  Option A:  Entertain Motion to Extend Time As Labeled

The motion filed by Tatar on its face seeks to extend the time to file a timely motion to vacate, pursuant to 28 U.S.C. § 2255, from June 11, 2013, until July 26, 2013.  Tatar correctly observes that the one-year limitations period governing the timeliness of a § 2255 motion began to run when the Supreme Court denied his petition for *certiorari* on June 11, 2012.  *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 653 (2012); *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).  Under 28 U.S.C. § 2255(f)(1), the one-year statute of limitations runs from June 11, 2012, until June 11, 2013.  *Id.*

"Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair."  *Thomas*, 713 F.3d at 174 (quoting *Miller v. N.J. State Dep't of Corr.*, 154 F.3d 616, 618 (3d Cir. 1998)).  An extension is warranted where a defendant shows that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Thomas*, 713 F.3d at 174 (quoting *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562-63 (2010)).

In this motion to extend the statute of limitations, Tatar refers to the "extraordinary nature" of his case, to unspecified factual and legal "complexities," and to the need "to organize and obtain pertinent discovery or affidavit[s] germane" to the issues, but he provides no facts to support a finding that he was diligently pursuing his rights. (Motion, ECF No. 1 at 4.)  Moreover, the

Third Circuit has determined that "increased difficulty" in filing a timely § 2255 motion "does not, by itself, satisfy the required showing of extraordinary circumstances." *Thomas*, 713 F.3d at 175. Tatar has not shown that he diligently pursued his rights or that extraordinary circumstances justify additional time based on equity. Accordingly, if this Court were to rule on Tatar's motion as labeled, it would have the discretion to deny it.

B.   Option B:   Recharacterize the Motion as a Motion to Vacate Under 28 U.S.C. § 2255

In accordance with *United States v. Miller*, this Court must give Tatar the option to have his pending motion recharacterized as a timely motion under 28 U.S.C. § 2255 to vacate the April 29, 2009, conviction. If Tatar elects to have this Court recharacterize his motion as a § 2255 motion, then the § 2255 motion, which raises five grounds, will be timely, since he handed it to prison officials on May 22, 2013, before the expiration of the limitation period on June 11, 2013.

But if Tatar elects to have his motion recharacterized as a § 2255 motion, once the statute of limitations expires, he will lose the ability to file a second or successive § 2255 motion (raising additional grounds), absent certification by Third Circuit that the second or successive motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1) and (2). "To avoid making successive claims, [§ 2255 movants] must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions. And in order to avoid being time barred, they must take care to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes

final." *Miller*, 197 F.3d at 650. Thus, pursuant to *Miller*, this Court hereby gives Tatar the opportunity to have his motion to extend the time recharacterized as a § 2255 motion, and heard as such, with the awareness that he would lose his ability to file a second or successive petition absent certification by the court of appeals.

C.  Option C:   Withdraw Motion to Extend and File All-Inclusive § 2255 Motion to Vacate

Instead of having this Court rule on his motion to extend as filed, or recharacterizing it as a timely motion to vacate under § 2255 (raising five grounds), *Miller* instructs this Court to also give Tatar the additional option of withdrawing the motion and filing a § 2255 motion which includes all available federal grounds, provided this all-inclusive § 2255 motion is handed to prison officials before the statute of limitations expires. If Tatar elects this option, then the statute of limitations will be tolled (or stopped) from May 22, 2013, the day he handed his motion to prison officials, until 45 days after the date of the entry of the Order accompanying this Opinion.[1]

---

[1] In that case, the limitations period will be tolled on May 22, 2013, at day 345 of his one-year limitations period, and will begin to run again on the 45th day after the date of the entry of the Order accompanying this Opinion. Beginning on that 45th day, the limitations period will run for an additional 19 days.

## III.   CONCLUSION

Tatar must notify this Court, within 20 days of the date of the entry of the Order accompanying this Opinion, whether he elects:   (A) to have his motion ruled on as labeled, or (B) to recharacterize the motion as a timely § 2255 motion raising five grounds, or (C) to withdraw the motion and file his all-inclusive 2255 motion before the statute of limitations period expires (after tolling, as explained above).   If Tatar does not notify this Court of his choice within 20 days, then this Court will entertain his motion as labeled, and will likely deny the motion.

    s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

DATED:   June 4, 2013