UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SERDAR TATAR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 13-3317 (RBK)

**OPINION**

### ROBERT B. KUGLER, U.S.D.J.

Petitioner is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Presently pending before the Court is petitioner's motion to alter or amend the December 18, 2013 Order of this Court. For the following reasons, petitioner's motion will be denied.

The Court laid out the relevant procedural background of this case in the December 18, 2013 Order; specifically:

> Petitioner was advised of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), on June 5, 2013. On June 20, 2013, the Court received petitioner's response indicating that he wished to withdraw his original motion and file an all-inclusive § 2255 motion.
>
> On July 25, 2013, the Court received another § 2255 motion. That motion raises several ineffective assistance of counsel claims. . . .
>
> On September 12, 2013, petitioner filed a motion to amend his July 25, 2013 § 2255 motion. He seeks to add a claim to this action that his sentence is unconstitutional. According to petitioner, a number of the sentencing enhancements occurred through judicial fact finding instead of by the jury.

(Dkt. No. 13 at p. 1.)

The Court granted petitioner's motion to amend. However, as petitioner's motion to amend only included his claim that his sentence was unconstitutional due to judicial fact finding, the Court ordered petitioner to file a § 2255 motion that included that claim as well as his ineffective assistance of counsel claims that he raised in his July 25, 2013 § 2255 motion. Petitioner was given thirty days to file a § 2255 motion that included both his ineffective assistance of counsel claims raised in the July 25, 2013 § 2255 motion and the sentencing claim that petitioner raised in his motion to amend.

On January 8, 2014, the Court received petitioner's motion to amend or alter the December 18, 2013 Order pursuant to Federal Rule of Civil Procedure 59(e). "The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F. 3d 297, 415 (3d Cir. 2011). "'[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995))).

In his motion to alter the Order, petitioner argues that "the court is mistaken in its order requiring Movant to file what could only qualify as another all inclusive Sect. 2255 motion." (Dkt. No. 14 at p. 2.) Contrary to petitioner's arguments, the Court was not mistaken in ordering him to file an amended § 2255 motion. Indeed, the Court granted petitioner's motion to amend/supplement his § 2255 filing. However, as that motion to amend/supplement only included one additional claim, but not petitioner's previously raised ineffective assistance of counsel claims, petitioner was ordered to file one § 2255 motion that included all of his claims

(ineffective assistance of counsel claims and unconstitutional sentencing claim). Indeed, as leading treatise has explained:

> [O]nce the original pleading is amended it no longer is part of the action and an incorporation of some of its allegations may be confusing unless carefully set forth. Thus, to ensure that the pleadings give notice of all the issues that are in the controversy so they can be handled and comprehended expeditiously, the safer practice is to introduce an amended pleading that is complete in itself, rather than one that refers to the prior pleading or seeks to incorporate a portion of it. . . . Even if the pleading is lengthy and involved, a self-contained amended pleading will assist the parties and the court in dealing with the issues better than one that is replete with references to another pleading.

6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed.). Accordingly, petitioner was ordered to file a self-contained amended § 2255 motion rather than having this case move forward on petitioner's claims set forth in multiple documents. Ordering that petitioner shall file a self-contained amended § 2255 motion will assist the Court and the parties in dealing with the issues better than having claims raised in multiple Court filings. Therefore, petitioner's motion to alter or amend the December 18, 2013 Order will be denied. However, petitioner shall be given additional time to file his self-contained amended § 2255 motion that raises all of his claims (i.e. his claims raised in the July 25, 2013 § 2255 motion and his September 12, 2013 motion to amend). An appropriate order will be entered.

DATED: January 24, 2014

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge